IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS F. ARNOLD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:11-CV-930-MEF |
| ) | (WO) |
| LOCKHEED MARTIN, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, Thomas F. Arnold, Jr., filed this action on October 28, 2011, alleging that Defendant Lockheed Martin terminated his employment illegally on the basis of a disability. (Doc. 1). On December 1, 2011, Lockheed Martin filed a motion to dismiss. (Doc. 10).

On December 9, 2011, this court entered an order setting the motion to dismiss (Doc. 10) for oral argument and for a scheduling conference on January 3, 2012. (Doc. 15). In the December 9, 2011 order, the court specifically warned:

> "**The plaintiff is advised that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.**"

(Doc. 15 (emphasis in original)).

On January 3, 2012, the plaintiff advised the court that he was ill and unable to appear for the argument. The court therefore ordered that argument on the motion to dismiss be continued until January 24, 2012, at 1:30 p.m. (Doc. 21).

On January 24, 2012, counsel for Lockheed Martin appeared in court for argument at 1:30 p.m. in accordance with this court's January 3, 2012 order; the plaintiff did not.

Accordingly, on January 25, 2012 the court ordered the plaintiff to show cause by February 8, 2012, why this case should not be dismissed for his failure to appear, and his failure to prosecute. (Doc. 23). In the January 25, 2012 order, the court specifically warned:

> ***The plaintiff is specifically advised that if he fails respond as required by this order, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.***

(Doc. 23 (emphasis in original)).

Arnold failed to file a response to this court's January 25, 2012 order. Consequently, based on Arnold's failure to appear at the January 24, 2012 oral argument, and his failure to respond to this court's January 25, 2012 order, the court concludes that he has abandoned his claims.

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Arnold's complaint be **DISMISSED** without prejudice. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 27, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 13th day of February, 2012.


       /s/Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE